So Ordered.

Signed this 20 day of December, 2024.



_____

Wendy A. Kinsella

United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| Crucible Industries LLC,[1] | ) | Case No. 24-31059 (WAK) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER:**
**(I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE, IN ONE OR MORE LOTS, OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (IV) APPROVING STALKING HORSE ASSET PURCHASE AGREEMENT**

Upon consideration of the motion (the "Motion")[2] [Docket No. 13] filed by Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004,

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (this "Bidding Procedures Order"): (i) approving bidding procedures in connection with the sale, in one or more lots, of substantially all of the Debtor's assets; (ii) scheduling an auction and a hearing to consider the sale; (iii) approving the form and manner of notice thereof; (iv) approving the terms of the Stalking Horse APA and the proposed Break-Up Expense Fee; and (v) granting related relief; the Court having determined that the relief provided herein is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion held on December 19, 2024, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[1]

A.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C.      The Debtor's proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the

---

[1]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable.  *See* Bankruptcy Rule 7052.

Auction (as defined in the Bidding Procedures), the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

D.      The Debtor has articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including:  (i) the scheduling of a Bid Deadline, Auction and Sale Hearing for the sale of the Purchased Assets; and (ii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with any assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

E.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

F.      The entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      Except as expressly preserved herein, all objections to the approval of the Bidding Procedures and other relief provided herein that have not been withdrawn, waived or settled, hereby are overruled and denied on the merits.

3.      The Bidding Procedures, in substantially the form attached hereto as ***Schedule 1***, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Purchased Assets.  The Debtor is authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4.      As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets (the "Bid Deadline") is **January 30, 2025 at 12:00 noon (prevailing Eastern time).**  No bid shall be deemed to be a Qualified Bid (as defined in the Bidding

Procedures) or otherwise considered for any purpose unless such bid meets the requirements set forth in the Bidding Procedures.

5.    The Debtor may sell the Purchased Assets by conducting an Auction in accordance with the Bidding Procedures. If the Debtor receives two or more competing Qualified Bids for any of the Purchased Assets the Auction shall take place at **10:00 a.m. (prevailing Eastern time) on February 4, 2025** at the offices of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. If, however, no such competing Qualified Bids are received by the Bid Deadline, then the Auction will not be held, the Stalking Horse Purchaser shall be deemed the Successful Bidder for the Lot 1 Assets, and those Qualified Bidders submitting Qualified Bids for Lot 2 Assets (if any) shall be deemed the Successful Bidders for the Purchased Assets identified in their respective Qualified Bids.

6.    Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to attend and participate at the Auction. Notwithstanding the foregoing, each of (i) KeyBank and its authorized representatives, (ii) a representative from the Office of the United States Trustee, (iii) a representative of any official committee of unsecured creditors that may be appointed in this Chapter 11 Case, and counsel to such committee (if appointed), and (iv) such other persons that the Debtor may permit in its sole discretion, may also attend the Auction. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale. Qualified Bidders and their counsel wishing to participate in the Auction via audio or video conference technology may make arrangements to do so by contacting counsel for the Debtor no later than the Bid Deadline.

7.     The Sale Hearing shall be held before this Court on **February 6, 2025 at 1:00 p.m.] (prevailing Eastern time)**, or as soon thereafter as counsel and interested parties may be heard.

8.     On or before three (3) business days after entry of this Bidding Procedures Order, or as soon thereafter as such parties can be identified, the Debtor shall cause (i) a notice in substantially the form attached hereto as ***Schedule 2*** (the "<u>Notice of Auction and Sale Hearing</u>"); and (ii) a copy of the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; (iv) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn:  Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq.; (v) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vi) all persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest in or upon any of the Purchased Assets; (vii) the non-debtor parties to the Debtor's known Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; and (viii) all persons known or reasonably believed to have expressed an interest in acquiring some or all of the Purchased Assets within the last six months.

18864130.v3

9.     On or before three (3) business days after entry of this Bidding Procedures Order, the Debtor shall: (a) serve the Notice of Auction and Sale Hearing on all known creditors of the Debtor and all other parties in interest entitled to receive notice pursuant to Bankruptcy Rule 2002(a)(2); and (b) subject to applicable submission deadlines and to the extent practicable within the time periods set forth herein, publish the Notice of Auction and Sale Hearing online (or a condensed version containing a hyperlink to the Notice of Auction and Sale Hearing) in American Metal Market (part of Fastmarkets www.fastmarkets.com), Steel Market Update (www.steelmarketupdate.com) and in such other publications the Debtor may deem appropriate.

10.     On or before five (5) business days after the entry of this Bidding Procedures Order, the Debtor shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases (substantially in the form attached hereto as **_Schedule 3_** the "Notice of Assumption and Assignment") on all non-debtor parties to the Debtor's known Executory Contracts and Unexpired Leases. The Notice of Assumption and Assignment shall identify the calculation of the cure amounts that the Debtor believes must be paid to cure all prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts"). In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder which are not set forth in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

11.     Unless a non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) their scheduled Cure Amount and/or

(b) to the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Eastern time) on the date that is five (5) business days prior to the Bid Deadline, or (ii) solely with respect to any Executory Contract or Unexpired Lease which is the subject of a Supplemental Notice of Assumption and Assignment, fifteen (15) days after service of the relevant Supplemental Notice of Assumption and Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline by: (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; and (iv) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn: Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq., then such non-debtor party (A) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtor shall be entitled to rely solely upon the Cure Amount, and (B) if the Executory Contract or Unexpired Lease is identified as an Purchased Asset to be acquired by the Successful Bidder(s) and/or Back-Up Bidder(s), the non-debtor party shall be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder(s) and/or Back-Up Bidder(s) or any other assignee of

18864130.v3

the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or that conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease. Notwithstanding the foregoing, as provided below, each non-debtor party shall retain the right to object to the assumption, assignment or transfer of its Executory Contract or Unexpired Lease, based solely on the issue of whether the Successful Bidder(s) and/or Back-Up Bidder(s) can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

12.     If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a Cure Amount/Assignment Objection, the Debtor shall be authorized, but not directed, to resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease and any Successful Bidder without further order of the Court. In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection prior to the Sale Hearing, the Court will resolve any such Cure Amount/Assignment Objection at the Sale Hearing.

13.     The Debtor, the Successful Bidder(s) or the Back-Up Bidder(s), as the case may be, are authorized, subject to the terms of the Successful Bid(s) or the Back-Up Bid(s), to exclude any Executory Contract or Unexpired Lease from the list of Purchased Assets to be sold (i) no later than the closing of the sale of the Purchased Assets, or, (ii) if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the date of such determination. The non-debtor party or parties to any such

excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

14. As soon as practicable after the conclusion of the Auction for the Purchased Assets, the Debtor will file on the Court's docket a notice identifying the Successful Bidder(s) and Back-Up Bidder(s) and the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid(s) and Back-Up Bid(s) and shall serve such notice on non- *JWAK* debtor parties to the Executory Contracts and Unexpired Leases by email. The non-debtor parties to the Executory Contracts and Unexpired Leases shall have until 10:00 a.m. on the day of the Sale Hearing (the "Adequate Assurance Objection Deadline") to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether any Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

15. The terms of the Stalking Horse APA are approved, subject to the receipt of higher or better bids at the Auction and the entry of the Sale Order, *provided*, *however*, that notwithstanding anything in the Stalking Horse APA to the Contrary, the amount and payment of any Break-Up Expense Fee shall be approved only pursuant to further order of the Court and the rights of all parties with respect thereto are expressly reserved. A further hearing to consider approval of the Break-Up Expense Fee shall be held on **January 9, 2025 at 1:00 p.m. (prevailing Eastern time)**, or as soon thereafter as counsel may be heard before the Honorable Wendy A. Kinsella, Chief Bankruptcy Judge, or such other judge as may be sitting in her stead at the United States Bankruptcy Court for the Northern District of New York, James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the hearing may also be accessed telephonically by dialing (315) 691-0477 and entering Conference ID: 932081324#.

Any objections or responses to the proposed Break-Up Expense Fee shall be filed and served upon the parties identified in paragraph 16 below not later than three (3) days prior to such *JWAK* hearing.

16.     Objections to the sale of the Purchased Assets, or the balance of the relief requested in the Motion but not granted in this Bidding Procedures Order must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the Northern District of New York, on or before 4:00 p.m. (prevailing Eastern time) seven (7) days prior to the Sale Hearing, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the same day, upon (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; and (iv) counsel for the Official Committee of Unsecured Creditors, if any; *JWAK* and (v) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn:  Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

17.     The Notice of Auction and Sale Hearing and the Notice of Assumption, and Assignment to be issued in connection with the proposed sale of the Purchased Assets, substantially in the forms annexed hereto as **Schedule 2** and **Schedule 3**, respectively, are

18864130.v3

approved. The proposed manner of service of the Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment are approved.

18. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

19. Except as otherwise provided in this Bidding Procedures Order, the Debtor shall have the right as it may reasonably determine to be in the best interests of its estate, to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any bid that the Debtor deems to be (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some of the Purchased Assets from the Auction; (f) waive terms and conditions set forth in the Bidding Procedures with respect to all Bidders; (g) impose additional terms and conditions with respect to all Bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures as the Debtor may determine to be in the best interests of its estate, or to withdraw the Motion and abandon the sale process at any time with or without prejudice.

20. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

18864130.v3

21.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

# # #

18864130.v3

## **SCHEDULE 1**

## **To Bidding Procedures Order**

[Bidding Procedures]

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| Crucible Industries LLC,[1] | ) | Case No. 24-31059 (WAK) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## BIDDING PROCEDURES

By motion dated December 12, 2024 (the "Motion"),[2] Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor") sought approval of, among other things, the procedures by which the Debtor will determine the highest or otherwise best offer for the sale of substantially all of the Debtor's assets (the "Purchased Assets").

On December 20, 2024, the United States Bankruptcy Court for the Northern District of New York (the "Court") entered an order (the "Bidding Procedures Order"), which, among other things, authorized the Debtor to determine the highest or otherwise best offer for the Purchased Assets through the process and procedures set forth below (the "Bidding Procedures"). The Debtor reserves the right to modify the Bidding Procedures, provided that any such modification is not materially inconsistent with the terms of the Bidding Procedures Order.

The sale of the Purchased Assets will be subject to competitive bidding as set forth herein and approval of the Court pursuant to sections 105, 363 and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Assets to be Sold**

The Purchased Assets to be sold constitute substantially all of the assets of the Debtor.

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Purchased Assets (a "Bidder") must first deliver the following materials to the Debtor and its counsel:

       i.      an executed confidentiality agreement in form and substance satisfactory to the Debtor and its counsel; and

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ii.    the most current audited and latest unaudited financial statements (collectively, the "<u>Financials</u>") of the Bidder, or, if the Bidder is an entity formed for the purpose of a sale transaction, (x) Financials of the equity holder(s) of the Bidder and (y) a written commitment acceptable to the Debtor of the equity holder(s) of the Bidder to be responsible for the Bidder's obligations in connection with a sale transaction (including being bound by the terms and conditions of the Bidding Procedures); which demonstrate to the Debtor's satisfaction the Bidder's financial ability to consummate a competing sale transaction <u>provided</u> that if a Bidder is unable to provide Financials, the Debtor may in its discretion, but shall have no obligation to, accept such other information as they deem sufficient to establish a Bidder's financial wherewithal.

A Bidder meeting the requirements set forth in this paragraph shall be considered a "<u>Qualified Bidder</u>." Notwithstanding the foregoing, each of KeyBank and the Stalking Horse Purchaser shall be a Qualified Bidder, but KeyBank shall refrain from credit bidding so long as the Stalking Horse Purchaser's offer (as set forth in the Stalking Horse APA or as it may be subsequently modified in a manner not disadvantageous to KeyBank) remains open and represents, in KeyBank's reasonable judgment, the highest or best bid received for the Purchased Assets.

## Bid Requirements

The Debtor shall determine whether a bid qualifies as a "<u>Qualified Bid</u>." To constitute a Qualified Bid, a bid (other than the Stalking Horse APA, which shall constitute a Qualified Bid) must be a written irrevocable offer from a Qualified Bidder and meet the following conditions, unless waived by the Debtor:

i.    contain a proposed asset purchase agreement, executed by and binding upon the Bidder, reflecting the terms and conditions of the bid (each, a "<u>Proposed Asset Purchase Agreement</u>"). If a Bidder proposes to acquire all or substantially all of the Lot 1 Assets (as defined in the Motion), such Proposed Asset Purchase Agreement should also:

a.    contain terms that are substantially similar to, and not materially more burdensome or conditional than, the terms of the Stalking Horse APA (unless the Debtor determines any proposed alternative terms are superior to the terms and conditions of the Stalking Horse APA), and such Bidder must also include a marked copy of its Proposed Asset Purchase Agreement showing any changes, amendments or modifications to the Stalking Horse APA that are being proposed by the Bidder, as applicable (each, a "<u>Marked Asset Purchase Agreement</u>"); and

b.    provide that the consideration to be given will exceed the Purchase Price (as defined in the Stalking Horse APA), by at least $550,000.00 (the "<u>Initial Minimum Overbid</u>").

2

ii.     contain a list of the Debtor's executory contracts and unexpired leases (if any) with respect to which the Bidder seeks assignment from the Debtor, provided, however, if any bid is conditioned on the assumption and assignment of executory contracts and/or unexpired leases, the Bidder shall be required to provide evidence of its ability to provide adequate assurance of future performance of such contracts or leases along with its bid;

iii.    confirm that the Bidder's offer shall remain open and irrevocable as provided below;

iv.     be submitted no later than the Bid Deadline (defined below) and accompanied by a certified or bank check or wire transfer in an amount equal to ten percent (10%) of the proposed purchase price set forth in the Proposed Asset Purchase Agreement as a minimum good faith deposit (the "Deposit"), which Deposit shall be used to fund a portion of the purchase price provided for in the bid;

v.      not be conditioned on obtaining financing or the outcome of any due diligence by the Bidder;

vi.     not request or entitle the Bidder to any break-up fee, expense reimbursement or similar type of payment; and

vii.    fully disclose the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation.

**Bid Deadline**

The deadline for submitting bids on the Purchased Assets shall be **12:00 noon (prevailing Eastern time) on January 30, 2025** (the "Bid Deadline").

A Bidder that desires to make a bid for the Purchased Assets must deliver written and electronic copies of their bid so that they are actually received prior to the Bid Deadline by: (a) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (b) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (c) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; and (d) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn: Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq.

As promptly as practicable after a Bidder delivers a bid, the Debtor shall determine, and shall notify the Bidder, whether the Bidder is a Qualified Bidder and whether its bid is a Qualified Bid. The Debtor may modify, employ and announce at the Auction additional or amended procedural rules that are reasonable under the circumstances for conducting the

3

Auction, provided that such rules (i) are not materially inconsistent with the Bidding Procedures Order and (ii) are disclosed to each Qualified Bidder attending the Auction.

**Obtaining Due Diligence Access**

The Debtor shall afford each Qualified Bidder reasonable due diligence information. Site access shall be provided upon reasonable request to the Debtor and at the discretion of the Debtor within its reasonable business judgment. The due diligence period will end on the Bid Deadline.

The Debtor shall not be obligated to furnish any information relating to the Debtor, the Purchased Assets, and/or the sale to any person except to a Qualified Bidder. The Debtor shall give each Qualified Bidder reasonable access to an online data room containing the written due diligence materials provided to the Stalking Horse Purchaser.

The Debtor shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Due Diligence from Bidders**

Each Bidder shall comply with all reasonable requests for additional information by the Debtor or its advisors, including requests for additional information regarding such Bidder's financial wherewithal to consummate and perform obligations in connection with the sale of the Purchased Assets or such other matters as may be subject to reasonable inquiry by the Debtor. Failure by the Bidder to comply with requests for additional information may be a basis for the Debtor to determine that a bid made by the Bidder is not a Qualified Bid.

**"As Is, Where Is, With All Faults"**

The sale of the Purchased Assets shall be on an "as is, where is, with all faults" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents or estate, except to the extent specifically set forth in the purchase agreement between the Debtor and the Successful Bidder. All of the Debtor's right, title and interest in and to the Purchased Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests") except as otherwise set forth in the Successful Bid(s) submitted by the Successful Bidder(s), with such Interests to attach to the net proceeds of the sale of the Purchased Assets, with the same validity and priority as existed immediately prior to such sale.

Each Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Purchased Assets prior to making its offer, that such Bidder has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and that such Bidder did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets or the completeness of any information provided in connection with the bidding process, in each case except as expressly

4

stated in the Marked Purchase Agreement (or, with respect to the Stalking Horse Purchaser, the Stalking Horse APA).

**The Auction**

If the Debtor receives two or more competing Qualified Bids for any of the Purchased Assets prior to the Bid Deadline, an auction (the "<u>Auction</u>") for such assets, as applicable, shall take place at **10:00 a.m. (prevailing Eastern time) on February 4, 2025** at the offices of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. If, however, no such competing Qualified Bids are received by the Bid Deadline, then the Auction will not be held, the Stalking Horse Purchaser shall be deemed the Successful Bidder for the Lot 1 Assets, and those Qualified Bidders submitting Qualified Bids for Lot 2 Assets (if any) shall be deemed the Successful Bidders for the Purchased Assets identified in their respective Qualified Bids.

<u>Auction Rules</u>:

i. Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to attend and participate in the Auction. Notwithstanding the foregoing, each of (i) KeyBank and its authorized representatives, (ii) a representative from the Office of the United States Trustee, (iii) a representative of any official committee of unsecured creditors that may be appointed in this Chapter 11 Case, and counsel to such committee (if appointed), and (iv) such other persons that the Debtor may permit in its sole discretion, may also attend the Auction. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale. Qualified Bidders and their counsel wishing to participate in the Auction via audio or video conference technology may make arrangements to do so by contacting counsel for the Debtor no later than the Bid Deadline.

ii. The Debtor may, in its sole discretion, adopt rules for the Auction at any time that the Debtor reasonably determines to be appropriate to promote a value-maximizing auction, including, without limitation, conducting one of more sub-auctions for the Purchased Assets in different subsets or lots.

iii. At the commencement of the Auction the Debtor shall announce the Qualified Bid that it has determined represents the highest or otherwise best bid for the Purchased Assets (the "<u>Starting Qualified Bid</u>"), the overall consideration value ascribed to such bid (the "<u>Bid Value</u>") and any other distinguishing features which, in the opinion of the Debtor, makes the Starting Qualified Bid the highest or otherwise best offer for the Purchased Assets.

18864130.v3

iv.        Each Qualified Bidder present at the Auction will be permitted to increase its Qualified Bid (such increased Qualified Bid, a "<u>Qualified Overbid</u>"), provided that such Qualified Overbid(s) must exceed the Bid Value of the Starting Qualified Bid or, if applicable, the highest or otherwise best Qualified Overbid, by an incremental amount that is not less than an amount to be announced at or before the commencement of any Auction (the "<u>Bidding Increment</u>"). The Debtor reserves the right to determine an appropriate Bidding Increment for each subset or lot of Purchased Assets to be sold at the Auction. Notwithstanding the foregoing, the initial Bidding Increment for any Qualified Bids with respect to all or substantially all of the Lot 1 Assets shall be at least one hundred thousand dollars ($100,000), however the Debtor, in its business judgment, may select a different Bidding Increment for such Lot 1 Assets during the Auction. During the course of the Auction, the Debtor will inform the participants which Qualified Overbid reflects the then-highest or otherwise best offer for the applicable Purchased Assets and the Bid Value ascribed thereto. The Debtor shall not consider any subsequent bid received at the Auction unless the Bid Value of such bid, as determined by the Debtor, exceeds the Bid Value of the Starting Qualified Bid or the then-highest Qualified Overbid by at least the applicable Bidding Increment.

v.         The Auction may be adjourned as the Debtor deems appropriate. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all Qualified Bidders that have submitted a Qualified Bid.

vi.        At the conclusion of the Auction, the Debtor shall announce the bid or combination of bids made pursuant to the Bidding Procedures that represents, in the Debtor's judgment, the highest or otherwise best offer for the Purchased Assets (each, a "<u>Successful Bid</u>") and the Bidder or Bidders submitting such bid or bids (the "<u>Successful Bidder(s)</u>"). The Debtor may also, in its discretion, announce the next-highest or otherwise best offer or offers for any subset of the Purchased Assets (each, a "<u>Back-Up Bid</u>") and the party or parties submitting such bid or bids (the "<u>Back-Up Bidder(s)</u>"). If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared a Successful Bid (or a Back-Up Bid) at the Auction, (ii) definitive documentation has been executed in respect thereof, and (iii) the Court has approved the sale to a Successful Bidder (or Back-Up Bidder). Any acceptance by the Debtor is conditioned upon approval by the Court of the Successful Bid(s) (or Back-Up Bid(s)) and the entry of an order approving such Successful Bid(s) (or Back-Up Bid(s)).

**Other Terms**

All Qualified Bids, the Auction, and the Bidding Procedures are subject to such additional terms and conditions as may be announced by the Debtor from time to time, <u>provided</u>

<u>that</u> such additional terms and conditions are not materially inconsistent with the Bidding Procedures Order.

**Irrevocability of Certain Bids**

Any Successful Bid(s) shall remain irrevocable in accordance with the terms of the Proposed Asset Purchase Agreement submitted by the Successful Bidder(s), as the same may be modified at the Auction. Back-Up Bid(s), as modified at the Auction, shall be irrevocable until the earliest of: (i) 45 days after entry of the Sale Order approving a Successful Bid for the same Purchased Assets; (ii) closing of the sale of the same Purchased Assets to the Successful Bidder; and (iii) such date as the Debtor affirms in writing that the Debtor does not intend to proceed with a sale to the Back-Up Bidder (the "<u>Outside Back-Up Date</u>"). Following the entry of the Sale Order, if a Successful Bidder fails to consummate the purchase of the Purchased Assets subject to its Successful Bid because of a breach or failure to perform on the part of the Successful Bidder, the applicable Back-Up Bid (if any) will be deemed to be the new Successful Bid, and the Debtor will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court. In such case, the defaulting Successful Bidder's Deposit shall be forfeited to the Debtor and the Debtor shall have the right to seek any and all other remedies and damages from the defaulting Successful Bidder. For the avoidance of doubt, if the defaulting Successful Bidder is the Stalking Horse Purchaser, the Stalking Horse Purchaser shall not be entitled to the Break-Up Expense Fee.

The Debtor will present the results of the Auction to the Court at the Sale Hearing (as defined below), at which time certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder(s) were selected in accordance with these Bidding Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the sale contemplated by the Successful Bid(s) will provide the highest or otherwise best value for the Purchased Assets and is in the best interests of the Debtor and its creditors.

**Sale Hearing**

A hearing to consider approval of the sale of the Purchased Assets to the Successful Bidder (the "<u>Sale Hearing</u>") will be held before the Honorable Wendy A. Kinsella, Chief Bankruptcy Judge, or such other judge as may be sitting in her stead at the United States Bankruptcy Court for the Northern District of New York, James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the hearing may also be accessed telephonically by dialing (315) 691-0477 and entering Conference ID: 932081324#, on **February 6, 2025 at 1:00 p.m. (prevailing Eastern time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**Return of Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Back-Up Bid, the Deposits of all Qualified Bidders that submitted such a deposit under the

18864130.v3

Bidding Procedures shall be returned upon or within three (3) business days after the date on which the Court enters an order approving the sale of the Purchased Assets to the Successful Bidder(s) or otherwise concludes the Sale Hearing without adjournment. The Deposit of the Successful Bidder(s) shall be held until the closing of the sale of the Purchased Assets and applied in accordance with the Successful Bid(s) or returned in accordance with the Successful Bidder's purchase agreement. The Deposit of the Back-Up Bidder(s) shall be returned upon or within five business (5) days after the Outside Back-Up Date.

**Failure to Close**

If a Successful Bidder fails to consummate the transaction in accordance with the terms of the purchase agreement executed by the Successful Bidder by the closing date contemplated in the purchase agreement agreed to by the parties for any reason (except in the case of the Stalking Horse Purchaser, in which case the termination provisions in the Stalking Horse APA shall apply to the extent applicable), the Debtor shall: (i) retain the Successful Bidder's Deposit; (ii) maintain the right to pursue all available remedies, whether legal or equitable; and (iii) be free to consummate the proposed transaction with the applicable Back-Up Bidder at the highest price bid by the Back-Up Bidder at the Auction, without the need for an additional hearing or order of the Court.

**Reservation of Rights**

Except as otherwise provided in the Bidding Procedures Order, the Debtor reserves the right to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or best proposal; (iv) reject any bid that the Debtor deems to be (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtor and its estate; (v) remove some of the Purchased Assets from the Auction or offer the Purchased Assets in different subsets or lots; (vi) waive terms and conditions set forth herein with respect to all Bidders; (vii) impose additional terms and conditions with respect to all Bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures, as the Debtor may determine to be in the best interests of its estate, or to withdraw the Motion and abandon the sale process at any time with or without prejudice.

**Expenses**

Except to the extent the Stalking Horse Purchaser is entitled to a Break-Up Expense Fee as approved by the Court, any Bidders presenting bids shall bear their own expenses in connection with the proposed sale of the Purchased Assets, whether or not such sale is ultimately approved.

* * *

8

# **SCHEDULE 2**

## **To Bidding Procedures Order**

[Notice of Auction and Sale Hearing]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| Crucible Industries LLC,[1] | ) | Case No. 24-31059 (WAK) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On December 12, 2024, Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor") filed a motion (the "Motion")[2] [Docket No. 13] for entry of orders, among other things:  (i) approving bidding procedures (the "Bidding Procedures") in connection with the sale of substantially all of the Debtor's assets (the "Purchased Assets"); (ii) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider the sale of the Purchased Assets and setting objection and bidding deadlines with respect to the sale of the Purchased Assets; (iii) approving the form and manner of notice of the Auction and the Sale Hearing; (iv) approving the terms of the Stalking Horse APA submitted by the Stalking Horse Purchaser (defined below) and the proposed Break-Up Expense Fee; and (v) granting related relief.  The Motion additionally requests entry of an order or orders: (i) authorizing the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests; (ii) authorizing and approving the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases; and (iii) granting related relief.

2.      The Debtor is seeking to sell the Purchased Assets to EraSteel Inc. (the "Stalking Horse Purchaser"), or to the Successful Bidder(s) or Back-Up Bidder(s) as determined at the Auction.  Approval of the sale of the Purchased Assets may result in, among other things, the assumption, assignment and/or transfer by the Debtor of certain executory contracts and leases. If you are a party to an executory contract or lease with the Debtor, you will receive a separate notice that contains relevant dates and other information that may impact you as a party to an executory contract or lease.

3.      On December 20, 2024, the United States Bankruptcy Court for the Northern District of New York (the "Court") entered an order approving the Bidding Procedures (the "Bidding Procedures Order").  Pursuant to the Bidding Procedures Order, if the Debtor receives Qualified Bids (as defined in the Bidding Procedures), an Auction for the Purchased Assets will be held on **February 4, 2025, at 10:00 a.m.  (prevailing Eastern time)** at the offices of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.  Only

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Qualified Bidders who have submitted a Qualified Bid in accordance with the Bidding Procedures, attached to the Bidding Procedures Order as Schedule 1, by no later than **January 30**, **2025 at 12:00 noon (prevailing Eastern time)** (the "Bid Deadline") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4. The Sale Hearing to consider approval of the sale of the Purchased Assets free and clear of all liens, claims, and encumbrances will be held before the Honorable Wendy A. Kinsella, Chief Bankruptcy Judge, or such other judge as may be sitting in her stead at the United States Bankruptcy Court for the Northern District of New York, James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the hearing may also be accessed telephonically by dialing (315) 691-0477 and entering Conference ID: 932081324#, on **February 6, 2025 at 1:00 p.m. (prevailing Eastern time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5. Objections, if any, to the sale of the Purchased Assets, or the relief requested in the Motion (other than with respect to cure amounts and adequate assurance which are subject to a separate notice) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Northern District of New York on or before **4:00 p.m. (prevailing Eastern time) on January 30**, **2025**, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the same day, upon (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; (iv) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn: Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT AND THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.

6. This Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages all parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Purchased Assets or to obtain a copy of any of the foregoing documents may make a written request to counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq. In addition, copies of the Motion and the Bidding Procedures Order (including the Bidding Procedures) can be found on the Court's electronic case filing (ECF) website, http://

https://ecf.nynb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, U.S. Federal Building and Courthouse, 100 S. Clinton Street, Syracuse, New York 13261.


Dated: _____ __, 2024
      Syracuse, New York               BOND, SCHOENECK & KING, PLLC


By: *  /s/ Charles J. Sullivan*
     Charles J. Sullivan (Bar Roll No. 507717)
     Grayson T. Walter (Bar Roll No. 518237)
     Andrew S. Rivera (Bar Roll No. 700712)
     One Lincoln Center
     Syracuse, NY 13202-1355
     Telephone: (315) 218-8000
     Fax: (315) 218-8100
     csullivan@bsk.com
     gwalter@bsk.com
     arivera@bsk.com

*Proposed Attorneys for Crucible Industries LLC*

18864130.v3

# **SCHEDULE 3**

## **To Bidding Procedures Order**

[Notice of Assumption and Assignment]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| Crucible Industries LLC,[1] | ) | Case No. 24-31059 (WAK) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On December 20, 2024, the United States Bankruptcy Court for the Northern District of New York (the "Court") entered an order (the "Bidding Procedures Order"),[2] pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure in the chapter 11 case (the "Chapter 11 Case") of Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor") approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the Debtor's assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements listed on ***Exhibit A*** annexed hereto (each, an "Executory Contract" or "Unexpired Lease" and collectively the "Executory Contracts and Unexpired Leases") in connection with the proposed sale of substantially all of the Debtor's assets (the "Purchased Assets"). The Debtor may assume, assign, and/or transfer the Executory Contracts and Unexpired Leases to a Successful Bidder or Back-Up Bidder for the Purchased Assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as Schedule 1.

2. The Debtor believes that any and all defaults (other than defaults arising from the filing of the Chapter 11 Case) and actual pecuniary losses under the Executory Contracts and Unexpired Leases can be cured by the payment of the respective Cure Amounts listed on Exhibit A annexed hereto.

3. Any objections to (i) the assumption, assignment and/or transfer of an Executory Contract or Unexpired Lease, or (ii) the amount asserted on Exhibit A as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of its Executory Contract or Unexpired Lease (the "Claimed Cure Amount"). In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to a Successful Bidder or Back-Up

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

Bidder which are not set forth in this Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "<u>Supplemental Notice of Assumption and Assignment</u>") to the applicable counterparties to such additional executory contracts and unexpired leases.

4. To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; (iv) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn: Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq., by the latter of (i) **4:00 p.m. (prevailing Eastern time) on January 23, 2025**; or, (ii) solely with respect to any Executory Contract or Unexpired Lease which is the subject of a Supplemental Notice of Assumption and Assignment, fifteen (15) days after service of the relevant Supplemental Notice of Assumption and Assignment.

5. If a Cure Amount/Assignment Objection is timely filed, the Debtor may, in its sole discretion, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, a hearing with respect to that objection shall be held before the Honorable Wendy A. Kinsella, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of New York, U.S. Federal Building and Courthouse, 100 S. Clinton Street, Syracuse, New York, on **February 6, 2025 at 1:00 p.m. (prevailing Eastern time)**, the hearing may also be accessed telephonically by dialing (315) 691-0477 and entering Conference ID: 932081324#.

6. Unless a Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Executory Contract or Unexpired Lease may proceed without further notice at the hearing to approve the sale of the Purchased Assets.

7. All parties who do not file and serve a timely Cure Amount/Assignment Objection shall (i) be deemed to have waived and released any and all rights to assert against the Debtor, the Successful Bidder(s) or Back-Up Bidder(s), cure amounts different from the Cure Amounts listed on Exhibit A hereto, (ii) shall be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease, and (iii) shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder(s) or the Back-Up Bidder(s), or any assignee of such Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied (other than with respect to the ability of any Successful Bidder(s) or Back-Up Bidder(s) who is not the Stalking Horse Purchaser to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code) with respect to such Executory Contract or Unexpired Lease.

2

8.      The Debtor, the Successful Bidder(s) or the Back-Up Bidder(s), as the case may be, and subject to the terms of the Successful Bid(s) or the Back-Up Bid(s), may determine to exclude any Executory Contract or Unexpired Lease from the list of Purchased Assets to be sold no later than the closing of the sale of the Purchased Assets, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such Executory Contract or Unexpired Lease is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the date of such determination.  The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

9.      If you agree with the Cure Amounts proposed by the Debtor and do not otherwise object to the Debtor's assumption, assignment and/or transfer of your Executory Contract or Unexpired Lease, you need not take any further action.

10.     Copies of the Bidding Procedures Order and other relevant documents can be found on the Court's electronic case filing (ECF) website, https://ecf.nynb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, U.S. Federal Building and Courthouse, 100 S. Clinton Street, Syracuse, New York 13261.

11.     The Debtor's decision to sell, assign and/or transfer to the Successful Bidder(s) or Back-Up Bidder(s) the Executory Contracts and Unexpired Leases is subject to Court approval and to the closing of the sale of the Purchased Assets (the "Closing").  Accordingly, absent such Closing, none of the Executory Contracts or Unexpired Lease shall be deemed to be sold, assigned and/or transferred, and they shall in all respects be subject to further administration under the Bankruptcy Code.  The inclusion of any document on the list of Executory Contracts and Unexpired Leases shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: _____ __, 2024
        Syracuse, New York                 BOND, SCHOENECK & KING, PLLC


                                           By:   _/s/ Charles J. Sullivan_____
                                               Charles J. Sullivan (Bar Roll No. 507717)
                                               Grayson T. Walter (Bar Roll No. 518237)
                                               Andrew S. Rivera (Bar Roll No. 700712)
                                               One Lincoln Center
                                               Syracuse, NY 13202-1355
                                               Telephone: (315) 218-8000
                                               Fax: (315) 218-8100
                                               csullivan@bsk.com
                                               gwalter@bsk.com
                                               arivera@bsk.com

                                           *Proposed Attorneys for Crucible Industries LLC*

## EXHIBIT A

## To Notice of Assumption and Assignment

[Executory Contracts and Unexpired Leases]

[To be provided]

18864130.v3