So Ordered.

Signed this 21 day of January, 2025.



_____
Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>)<br>) Chapter 11<br>) |
| Crucible Industries LLC,[1] | ) Case No. 24-31059 (WAK)<br>) |
| Debtor. | )<br>) |

**SUPPLEMENTAL ORDER:**
**(I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE, IN ONE OR MORE LOTS, OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (IV) APPROVING STALKING HORSE ASSET PURCHASE AGREEMENT**

Upon consideration of the motion filed by Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of orders (a)(i) approving

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

bidding procedures in connection with the sale, in one or more lots, of substantially all of the Debtor's assets; (ii) scheduling an auction and a hearing to consider the sale; (iii) approving the form and manner of notice thereof; and (iv) approving the terms of the Stalking Horse Asset Purchase Agreement; (b)(i) authorizing and approving the sale of assets free and clear of liens, claims, encumbrances, and interests, and (ii) authorizing and approving the assumption and assignment of executory contracts and unexpired leases; and (c) granting related relief [Docket No. 13] (the "Sale Motion");[2] the Court having previously entered an order approving the Bidding Procedures as requested in the Sale Motion [Docket No. 56] (the "Bidding Procedures Order"); and the Court having determined that the relief provided herein is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion held on January 16, 2025, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Break-Up Expense Fee contemplated in the Stalking Horse APA is approved, subject to the following:

    (a) The amount of the Break-Up Expense Fee shall be $400,000.

    (b) The Stalking Horse Purchaser's right to payment of the Break-Up Expense Fee under the terms of the Stalking Horse APA will be treated as a prepetition general unsecured claim except as follows:

    (i) Upon the closing of an Alternative Transaction (an "Alternative Transaction Closing"), the Break-Up Expense Fee shall be payable as an administrative expense claim under Section 503(b)(1)(A) of the Bankruptcy Code, and shall be paid contemporaneously with the Alternative Transaction Closing and funded from the proceeds of the Alternative Transaction; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

(ii) If the Stalking Horse Purchaser asserts a Break-up Expense Fee pursuant to Section 9.01(b)(i) of the Stalking Horse APA, such Break-Up Expense fee shall be entitled to treatment as an administrative expense claim under Section 503(b)(1)(A) of the Bankruptcy Code, to be paid in accordance with any chapter 11 plan confirmed in the case or any order of the Bankruptcy Court allowing and directing the payment of such claim. The Stalking Horse Purchaser shall provide the Committee with a copy of any notice to the Debtor asserting a breach of the Stalking Horse APA.

2. Notwithstanding anything to the contrary in the Stalking Horse APA, the Stalking Horse Purchaser's deposit shall be in the amount of $1,330,000. Counsel for the Debtor is authorized and directed to refund to the Stalking Horse Purchaser any amounts currently held in escrow in excess of such amount.

3. The Bidding Procedures Order is hereby modified as follows:

(a) The Bid Deadline shall be February 13, 2025 at 12:00 noon (prevailing Eastern time).

(b) The Auction, if necessary, shall be held on February 21, 2025 at 10:00 a.m. (prevailing Eastern time).

(c) The Sale Hearing shall be held on February 25, 2025 at 10:00 a.m. (prevailing Eastern time).

(d) Notice of the Bid Deadline, Auction, and Sale Hearing, as well as the proposed sale of all or substantially all of the Debtor's assets as contemplated in the Sale Motion shall be deemed good and sufficient if the Debtor, on or before three (3) business days following the entry of this Order (i) causes a modified Notice of Auction and Sale Hearing in substantially the form attached hereto as *Exhibit A* to be sent by first-class mail to (a) all known creditors of the Debtor, (b) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002, (c) all persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest in or upon any of the Purchased Assets, (d) the non-debtor parties to the Debtor's known Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; and (e) all persons known or reasonably believed to have expressed an interest in acquiring some or all of the Purchased Assets within the last six months, and (ii) submits a copy of the same for publication in *The Wall Street Journal*.

4. Except to the extent modified above, the provisions of the Bidding Procedures Order, and the Bidding Procedures approved thereby, shall remain in full force and effect.

5. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

6. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

# # #

19106499.v2

# **EXHIBIT A**

[Modified Notice of Auction and Sale Hearing]

```
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| Crucible Industries LLC,[1] | ) |
|  | ) Case No. 24-31059 (WAK) |
| Debtor. | ) |
|  | ) |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

  1. On December 12, 2024, Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible" or, the "Debtor") filed a motion (the "Motion")[2] [Docket No. 13] for entry of orders, among other things: (i) approving bidding procedures (the "Bidding Procedures") in connection with the sale of substantially all of the Debtor's assets (the "Purchased Assets"); (ii) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider the sale of the Purchased Assets and setting objection and bidding deadlines with respect to the sale of the Purchased Assets; (iii) approving the form and manner of notice of the Auction and the Sale Hearing; (iv) approving the terms of the Stalking Horse APA submitted by the Stalking Horse Purchaser (defined below) and the proposed Break-Up Expense Fee; and (v) granting related relief. The Motion additionally requests entry of an order or orders: (i) authorizing the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests; (ii) authorizing and approving the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases; and (iii) granting related relief.

  2. The Debtor is seeking to sell the Purchased Assets to EraSteel Inc. (the "Stalking Horse Purchaser"), or to the Successful Bidder(s) or Back-Up Bidder(s) as determined at the Auction. Approval of the sale of the Purchased Assets may result in, among other things, the assumption, assignment and/or transfer by the Debtor of certain executory contracts and leases. If you are a party to an executory contract or lease with the Debtor, you will receive a separate notice that contains relevant dates and other information that may impact you as a party to an executory contract or lease.

  3. Pursuant to an order entered by the United States Bankruptcy Court for the Northern District of New York (the "Court") on December 20, 2024 (the "Bidding Procedures Order"), as modified by a subsequent order of the Court on January __, 2025 (the "Supplemental Bidding Procedures Order"), if the Debtor receives Qualified Bids (as defined in the Bidding Procedures), an Auction for the Purchased Assets will be held on **February 21, 2025, at 10:00 a.m. (prevailing Eastern time)** at the offices of Bond, Schoeneck & King, PLLC, One Lincoln

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Center, Syracuse, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. Only Qualified Bidders who have submitted a Qualified Bid in accordance with the Bidding Procedures, attached to the Bidding Procedures Order as Schedule 1, by no later than **February 13**, **2025 at 12:00 noon (prevailing Eastern time)** (the "Bid Deadline") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4. The Sale Hearing to consider approval of the sale of the Purchased Assets free and clear of all liens, claims, and encumbrances will be held before the Honorable Wendy A. Kinsella, Chief Bankruptcy Judge, or such other judge as may be sitting in her stead at the United States Bankruptcy Court for the Northern District of New York, James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the hearing may also be accessed telephonically by dialing (315) 691-0477 and entering Conference ID: 932081324#, on **February 25**, **2025 at 10:00 a.m. (prevailing Eastern time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5. Objections, if any, to the sale of the Purchased Assets, or the relief requested in the Motion (other than with respect to cure amounts and adequate assurance which are subject to a separate notice) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Northern District of New York on or before **4:00 p.m. (prevailing Eastern time) on February 18**, **2025**, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the same day, upon (i) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (ii) counsel to KeyBank, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, Attn: Curtis L. Tuggle, Esq. and James Henderson, Esq.; (iii) the Office of the United States Trustee for the Northern District of New York, U.S. Courthouse and Federal Building, 10 Broad Street, Suite 105, Utica, New York 13501, Attn: Erin Champion, Esq.; (iv) counsel for the Stalking Horse Purchaser, Willkie Farr & Gallagher LLP, 600 Travis Street Houston, Texas 77002, Attn: Kris Agarwal, Esq., Hugo Nocerino, Esq., and Jennifer Hardy, Esq.; and (v) counsel to the Official Committee of Unsecured Creditors, Bernstein Burkley, 1360 East Ninth Street, Suite 1250, Cleveland, Ohio 44114, Attn: Gus Kallergis, Esq. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT AND THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.

6. This Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Motion, the Bidding Procedures Order, the Supplemental Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages all parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Purchased Assets or to obtain a copy of any of the foregoing documents may make a written request to counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn:

Charles J. Sullivan, Esq. and Grayson T. Walter, Esq. In addition, copies of the Motion and the Bidding Procedures Order (including the Bidding Procedures) can be found on the Debtor's case management website at https://cases.stretto.com/crucible, on the Court's electronic case filing (ECF) website, http:// https://ecf.nynb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, U.S. Federal Building and Courthouse, 100 S. Clinton Street, Syracuse, New York 13261.

Dated: _____ __, 2025
    Syracuse, New York                          BOND, SCHOENECK & KING, PLLC

                                                  By: __/s/_____
                                                       Charles J. Sullivan (Bar Roll No. 507717)
                                                       Grayson T. Walter (Bar Roll No. 518237)
                                                       Andrew S. Rivera (Bar Roll No. 700712)
                                                       One Lincoln Center
                                                       Syracuse, NY 13202-1355
                                                       Telephone: (315) 218-8000
                                                       Fax: (315) 218-8100
                                                       csullivan@bsk.com
                                                       gwalter@bsk.com
                                                       arivera@bsk.com

                                            *Proposed Attorneys for Crucible Industries LLC*

19106499.v2