**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Crucible Industries LLC, | ) | Case No. 24-31059 (WAK) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE (I) TO COMPEL PAYMENT BY THE DEBTOR OF POST-PETITION INSURANCE OBLIGATIONS AND TO PERMIT CANCELLATION OF THE DEBTOR'S INSURANCE POLICY IF SUCH POST-PETITION OBLIGATIONS ARE NOT TIMELY MADE, AND (II) TO PERMIT THE NORTH RIVER INSURANCE COMPANY TO APPLY A CASH DEPOSIT TO UNPAID OBLIGATIONS OF THE DEBTOR, AND FOR OTHER RELIEF.**

The North River Insurance Company ("North River"), pursuant to 11 U.S.C. §362(d) and 11 U.S.C. §105, hereby files this motion ("Motion") for an Order modifying the automatic stay in the above-captioned bankruptcy case (I) to compel payment by the above-captioned debtor, Crucible Industries LLC (the "Debtor") of post-petition insurance obligations and to permit cancellation of the Debtor's insurance policy if such post-petition obligations are not timely made, and (II) to permit North River to apply a cash deposit to unpaid obligations of the Debtor, and for other relief, and respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. The matter is a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2)(G) and (O).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1408.

3. The statutory predicates for relief requested is Section 362(d) of 11 U.S.C. §§101, *et seq.* (the "<u>Bankruptcy Code</u>"), Fed.R.Bankr.P. 4001 and LBR 4001-1.

## BACKGROUND

4. On December 12, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York.

5. As of December 12, 2024 (the "<u>Petition Date</u>"), the Debtor had a Worker's Compensation insurance policy (the "<u>Policy</u>") with North River (No. XXXXXX8115), which commenced October 23, 2024, and expires October 23, 2025. The Debtor has renewed its workers compensation coverage with North River year after year since 2012. (*See* Declaration of Sydney Darling filed with this Motion at ¶ 3).

6. As of the Petition Date, the Debtor owed, and still owes North River $58,178.57 on account of unpaid deductible obligations from September through November 2024. (*Id.* at ¶ 4).

7. The Debtor owes North River an additional $36,494.19 on account of unpaid post-petition deductible obligations (as of February 2025) and the Debtor will continue to owe unpaid post-petition deductible obligations as they come due in the future. Although it is too early to estimate the exact amount of the deductibles that will be paid by North River and will require reimbursement by the Debtor, North River expects such figure to be significant. (*Id.* at ¶ 5).

8. In addition, post-petition, the Debtor owes North River $29,580.00 for a premium installment payment that was due February 6, 2025 and $29,580.00 for a premium installment that was due March 6, 2025 for a total of $59,160.00. The Debtor will owe additional installment payments of $29,580.00 due every month through August 6, 2025 (*Id.* at ¶ 6).

2

9. Further, an audit of the previous year's premium was conducted, and the Debtor owes North River $7,303.00 (the "Audit Premium") as a result of that premium audit on Policy No. XXXXXX2202. The Debtor may owe North River an additional audit premium after an audit is conducted of the Policy at the end of the current Policy period. That audit could result in a refund being owed by North River to the Debtor, subject to North River's set off and recoupment rights. (*Id.* at ¶ 7).

10. Pursuant to a Paid Loss Deductible Agreement effective October 23, 2024, between the Debtor and North River, North River is holding collateral in the form of a letter of credit issued in its favor, in the amount of $950,000.00 (the "Letter of Credit"). (*Id.* at ¶ 8).

11. North River is also holding an additional $50,000.00 in cash collateral received from the debtor (the "Cash Deposit" and with the Letter of Credit [and/or proceeds thereof] the "Collateral"). (*Id.* at ¶ 9).

12. The Policy provides that the Debtor's rights and duties under the Policy are not to be transferred without the written consent of North River. (*Id.* at ¶ 10).

13. The Policy was issued to the Debtor based on a risk analysis conducted by North River that is particular to the Debtor. North River does not consent to any assignment of the Policy at this time. (*Id.* at ¶ 11).

14. The Debtor's most recent Monthly Operating Report for the period that ended January 26,2025, reflects a cumulative loss of $2,011,537.00 and post-petition payables (excluding taxes) of $2,617,076.00) (Docket No. 212 at page 2 of 12).

**RELIEF REQUESTED**

15. By way of this Motion, North River seeks entry of an Order granting North River relief from the automatic stay, to compel payment by the Debtor of post-petition insurance

3

obligations and to permit cancellation of the Policy if such post-petition obligations are not timely made, and, in addition, to permit North River to apply the Cash Deposit to unpaid obligations of the Debtor. North River also requests waiver of the fourteen (14) day stay pursuant to Fed.R.Bankr.P. 4001(a)(3).

## BASIS FOR RELIEF REQUESTED

**A. North River is Entitled to Relief from the Automatic Stay for "Cause" Under Section 362(d)(1) of the Bankruptcy Code.**

16. Section 362(d) of the Bankruptcy Code requires the Court to lift the automatic stay on request of a party in interest, for "cause." 11 U.S.C. §362(d)(1).

17. The Bankruptcy Code specifically provides that "cause" includes a lack of adequate protection. 11 U.S.C. § 362(d)(1). A lack of adequate protection, however, does not constitute a sole basis for "cause" as a basis for relief from the stay. *See*, 11 U.S.C. § 102(3)(" 'includes' and 'including' are not limiting"). Thus, § 362(d)(1) leaves "courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

18. Cause has "been defined to mean 'any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding.'" *In re Martens*, 331 B.R. 395, 398 (8th Cir. B.A.P. 2005)(citing *In re Food Barn Stores, Inc*, 159 B.R. 264, 266 (Bankr. W.D. Mo. 1993)).

19. Relief is "mandatory" where requirements of Section 362(d) are satisfied. *See In re Indian Palms Asocs.*, 61 F.3d 197, 208 (3d Cir. 1995)(noting that the language of section 362(d) states "the court shall grant relief").

20. Pursuant to §362(g), the party opposing stay relief bears the burden of proof on all issues, other than the issue of the Debtor's equity in property. 11 U.S.C. §362(g); *see also In re*

*Abesinsa Holding, Inc.*, 2016 WL 5867039 at *3 (Bankr. D. Del. 2016)(noting that the statue seems to ask "why shouldn't the stay be lifted?").

21. The totality of the circumstances present in this case constitutes sufficient "cause" to warrant relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

22. Cause to lift the stay to cancel an insurance policy has been found where a Debtor fails to pay post-petition obligations. *See, e.g., In re Payless Cashways, Inc.*, 305 B.R. 303, 307 (Bankr. W.D. MO 2004)("Since Payless was in default for the non-payment of premiums, Zurich was entitled to relief from the automatic stay in order to pursue its right to cancel the policies under applicable state law")); *See also, In re Delaney-Morin*, 304 B.R. 365, 370 n. 3 (9th Cir. B.A.P. 2003)("A failure to make regular mortgage payments after filing bankruptcy constitutes 'cause' for relief from stay"); *In re Epic Capital Corp.*, 290 B.R. 514, 526 (Bankr. D. Del. 2003)("'it is well-established that a creditor can meet its initial burden of evidence production on the issue of "cause" under § 362(d)(1) by introduction evidence of the debtor's failure to make post-petition installment payments on a secured debt.'"[cited case omitted]); *In re Elmiro Litho, Inc.*, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994)("the creditor can often establish its prima facie case by demonstrating that the debtor has completely failed, or has substantially failed, to make post-petition payment").

23. "Cause" to lift the stay exists here, because if North River fails to receive payment of post-petition insurance obligations and is then not allowed to cancel the Policies, then continued coverage would essentially be at the expense of North River without proper compensation from the Debtor.

5

24. Stated differently, the Debtor has failed to adequately protect North River's interests by failing to make payment of insurance premiums, particularly where future claims are unknown and could exceed existing collateral.[1]

25. Along these lines, claims are increasing against the existing collateral, and the Debtor's failure to pay its deductible obligations and premiums is not adequately protecting North River.

26. Along those lines, the Debtor should be compelled to pay current and future post-petition insurance premium obligations as they come due; and in the event that the Debtor does not timely pay current and future post-petition insurance premium obligation, then the Debtor should be permitted to cancel the Policy, at its option.

27. Additionally, while the Debtor should be required to pay all post-petition obligations under the Policy, rather than North River having to draw upon the Letter of Credit, North River should also be permitted to retain and apply the Cash Deposit. Accordingly, as proceeds of the Letter of Credit belong to North River, it is without question that North River may draw down the Letter of Credit and apply the proceeds thereof. While North River reserves the right to draw down the Letter of Credit, it is not asking for permission to do so, because a letter of credit and proceeds therefrom are not property of the bankruptcy estate. It is well-established that because a letter of credit and proceeds therefrom are not property of a debtor's estate, there is no need to seek relief from the automatic stay to draw down a letter of credit. *See, e.g., Ace Am. Ins. Co. v. Bank of the Ozarks*, 2012 U.S. Dist. LEXIS 110891; 2012 WL 3240239 (S.D.N.Y. 2012 ("payment on letter of credit not subject to automatic stay, 'cashing the letter of credit will not divest the estate of property since neither the letter of credit nor its proceeds are property of the

---

[1] Nothing herein is an admission of the validity of any claims against the Policy.

6

estate under the Bankruptcy Code'; 'If payment on a letter of credit could be routinely delayed by the filing of a Chapter 11 petition the intended substitution of a bank for its less credit-worthy customer would be defeated…'" [internal citation omitted]).

28.     Likewise, North River should be permitted to retain and apply the Cash Deposit, to satisfy current and future deductible obligations owed and to be owed by the Debtor to North River, as well as the Audit Premium, any additional audit premiums owed as a result of the final premium audit, and any other unpaid insurance premium obligations.[2]

29.     Finally, North River should be entitled to an administrative expense claim as to post petition premiums and obligations owed by the Debtor to North River under the Policy, including any claim resulting from a post-petition injury of an employee of the Debtor.  *See, e.g., In re Payless*, 305 B.R. at 308 ("Providing insurance coverage post-petition entitles the insurer to an administrative expense claim.").

**B. Request for Waive of 14-Day Stay**

30.     Pursuant to Fed.R.Bankr.P. 4001(a)(3), an order granting relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until after the expiration of 14 days after the entry of the order, "*unless the court orders otherwise.*" (Emphasis added).  North River requests that this Court provide in any Order granting this Motion that the fourteen (14) day stay in Fed.R.Bankr.P. 4001(a)(3) shall not apply to the Order.

## RESEERVATION OF RIGHTS

31.     Nothing herein is intended to waive, limit or otherwise affect North River's rights under the Policy, agreements related to the Policy and the Bankruptcy Code, including without

---

[2] North River submits that to the extent any offset of the Cash Collateral is a recoupment, that it does not require relief from stay to exercise its recoupment rights, but seeks relief from stay as a precaution.

7

limitation, the right to seek other or additional relief, including but not limited to relief from the automatic stay on other bases, or to assert and effectuate rights of setoff or recoupment.

## NOTICE

32.     Pursuant to Fed.R.Bankr.P. 4001(a)(1), counsel for North River has served a copy of this Motion upon (i) counsel for the Debtor (ii) counsel for any creditors' committee, (iii) counsel for the lenders, (iv) the United States Trustee, and (v) all parties requesting notice pursuant to Fed.R.Bankr.P. 2002.

**WHEREFORE** North River respectfully requests that this Court enter an Order providing that:

A) The Debtor and any successors in interest must pay as Administrative Claims, within seven (7) calendar days of the date of this Order, all currently outstanding post-petition premium installments and all currently outstanding post-petition losses/deductible reimbursements, without the need for North River to file a claim for administrative expenses; and

B) The Debtor and any successors in interest must timely pay by the due date of any future invoices issued by North River to the Debtor, all future outstanding post-petition final audited premium(s) (to the extent a final premium is allocable to the post-petition period), and all future post-petition losses/deductible reimbursements, without the need for North River to file a claim for administrative expenses; and

C) To the extent that any payment listed above is not paid timely, North River is granted relief from Section 362 of the automatic stay to cancel the Policy, without further application to this Court; and

D) North River, in its discretion, may retain and apply the Cash Deposit, and be permitted to set off and/or recoup from the Cash Deposit, all prepetition and post-petition loss/deductible reimbursement amounts, as well as premium payments owed and to be owed, as applicable;

E) Such other relief as is appropriate may be provided; and

F) Such order is immediately effective upon its entry.

**McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**

Dated: March 19, 2025    *Scott A. Levin*
Scott A. Levin, Esq.
225 Liberty Street, 36th Floor
New York, NY 10281
Telephone: 212-483-9490
slevin@mdmc-law.com

*Counsel to The North River Insurance Company*