**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Crucible Industries LLC, | ) | Case No. 24-31059 (WAK) |
| Debtor. | ) | |

**DECLARATION OF SYDNEY DARLING IN SUPPORT OF THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE (I) TO COMPEL PAYMENT BY THE DEBTOR OF POST-PETITION INSURANCE OBLIGATIONS AND TO PERMIT CANCELLATION OF THE DEBTOR'S INSURANCE POLICY IF SUCH POST-PETITITON OBLIGATIONS ARE NOT TIMELY MADE, AND (II) TO PERMIT THE NORTH RIVER INSURANCE COMPANY TO APPLY A CASH DEPOSIT TO UNPAID OBLIGATIONS OF THE DEBTOR, AND OTHER RELIEF**

I, Sydney Darling, of full age, hereby declare as follows:

1. I am an AVP & Assistant Chief Counsel for United States Fire Insurance Company and its affiliates, including The North River Insurance Company. As such, I am fully familiar with the facts contained in this Declaration.

2. I make this Declaration on behalf of The North River Insurance Company and its affiliated insurance companies ("North River").

3. As of December 12, 2024 (the "Petition Date"), the above-captioned debtor, Crucible Industries LLC (the "Debtor"), had a Worker's Compensation insurance policy (the "Policy") with North River (No. XXXXXX8115), which commenced October 23, 2024, and expires October 23, 2025. The Debtor has renewed its workers compensation coverage with North River year after year since 2012.

4. As of the Petition Date, the Debtor owed, and still owes, North River $58,178.57 on account of unpaid deductible obligations from September through November 2024.

5. The Debtor owes North River an additional $36,494.19 on account of unpaid post-petition deductible obligations (as of February 2025) and the Debtor will continue to owe unpaid post-petition deductible obligations as they come due in the future. Although it is too early to estimate the exact amount of the deductibles that will be paid by North River and will require reimbursement by the Debtor, North River expects such figure to be significant.

6. In addition, post-petition, the Debtor owes North River $29,580.00 for a premium installment payment that was due February 6, 2025 and $29,580.00 for a premium installment that was due March 6, 2025 for a total of $59,160.00. The Debtor will owe additional installment payments of $29,580.00 due every month through August 6, 2025.

7. Further, an audit of the previous year's premium was conducted, and the Debtor owes North River $7,303.00 (the "Audit Premium") as a result of that premium audit on Policy No. XXXXXX2202. The Debtor may owe North River an additional audit premium after an audit is conducted of the Policy at the end of the current Policy period. That audit could result in a refund being owed by North River to the Debtor, subject to North River's set off and recoupment rights.

8. Pursuant to a Paid Loss Deductible Agreement effective October 23, 2024, between the Debtor and North River, North River is holding collateral in the form of a letter of credit issued in its favor, in the amount of $950,000.00 (the "Letter of Credit").

9. North River is also holding an additional $50,000.00 in cash collateral received from the debtor (the "Cash Deposit" and with the Letter of Credit [and/or proceeds thereof] the "Collateral").

10. The Policy provides that the Debtor's rights and duties under the Policy are not to be transferred without the written consent of North River.

11.    The Policy was issued to the Debtor based on a risk analysis conducted by North River that is particular to the Debtor. North River does not consent to any assignment of the Policy at this time.

[The Remainder of this Page is Left Blank, Intentionally]

I declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge.

Executed on: March 17, 2025

*Sydney Darling*

Sydney Darling
AVP & Assistant Chief Counsel