**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Crucible Industries LLC, | ) | Case No. 24-31059 (WAK) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

**ORDER GRANTING THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE (I) TO COMPEL PAYMENT BY THE DEBTOR OF POST-PETITION INSURANCE OBLIGATIONS AND TO PERMIT CANCELLATION OF THE DEBTOR'S INSURANCE POLICY IF SUCH POST-PETITION OBLIGATIONS ARE NOT TIMELY MADE, AND (II) TO PERMIT THE NORTH RIVER INSURANCE COMPANY TO APPLY A CASH DEPOSIT TO UNPAID OBLIGATIONS OF THE DEBTOR, AND FOR OTHER RELIEF.**

Upon consideration of the motion[1] of The North River Insurance Company ("North River")

for an Order modifying the automatic stay in the above-captioned bankruptcy case (I) to compel

payment by the Debtor of post-petition insurance obligations and to permit cancellation of the

Debtor's insurance policy if such post-petition obligations are not timely made, and (II) to permit

North River to apply a cash deposit to unpaid obligations of the Debtor, and other relief (the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"Motion"), and this Court having found that notice of the Motion and opportunity for a hearing on

the Motion were appropriate under the circumstances and no other notice need be provided, and

the Court having determined that the legal and factual bases set forth in the Motion and related

evidence, including the Declaration of Sydney Darling filed in support of the Motion, establish

just cause for the relief granted herein, and upon all of the proceedings before this Court, and after

due deliberation, it is HEREBY ORDERED THAT:

A) The Debtor and any successors in interest must pay as Administrative Claims, within seven (7) calendar days of the date of this Order, all currently outstanding post-petition premium installments and all currently outstanding post-petition losses/deductible reimbursements, without the need for North River to file a claim for administrative expenses; and

B) The Debtor and any successors in interest must timely pay by the due date of any future invoices issued by North River to the Debtor, all future outstanding post-petition final audited premium(s) (to the extent a final premium is allocable to the post-petition period), and all future post-petition losses/deductible reimbursements, without the need for North River to file a claim for administrative expenses; and

C) To the extent that any payment listed above is not paid timely, North River is granted relief from Section 362 of the automatic stay to cancel the Policy, without further application to this Court; and

D) North River, in its discretion, may retain and apply the Cash Deposit, and be permitted to set off and/or recoup from the Cash Deposit, all prepetition and post-petition loss/deductible reimbursement amounts, as well as premium payments owed and to be owed, as applicable;

E) Such other relief as is appropriate may be provided; and

F) This Order is immediately effective upon its entry.

### 

2