**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
|  | ) |
| Crucible Industries LLC,[1] | ) Case No. 24-31059 (WAK) |
|  | ) |
| Debtor. | ) |
|  | ) |

# THIRD MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible," or the "Debtor"), by and through its undersigned counsel, hereby moves this Court (this "Motion") for entry of an order substantially in the form attached hereto as ***Exhibit A***, authorizing and approving the Debtor's rejection of certain executory contracts, unexpired leases, and other agreements (each, an "Executory Contract" or "Unexpired Lease" and collectively the "Executory Contracts and Unexpired Leases"), effective as of April 16, 2025 (the "Rejection Date"). The Executory Contracts and Unexpired Leases that the Debtor is seeking to reject are attached hereto as ***Exhibit B***. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

21532303.v1

3. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On December 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtor's chapter 11 case (this "Chapter 11 Case"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 3, 2025, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No request for a trustee or examiner has been made in this Chapter 11 Case.

5. The Debtor's primary business was the operation of a manufacturing facility in Solvay, New York which specialized in the production of patented, high-performance specialty "Crucible Particle Metallurgy" steel products. Information regarding the Debtor's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in detail in *Declaration of John Shiesley in Support of Chapter 11 Petition and First Day Motions* (the "Shiesley Declaration"), filed on the Petition Date and incorporated herein by reference.

6. On March 6, 2025, the Court entered an order [Docket No. 221] approving the sale of certain assets of the Debtor associated with its powdered metal or "CPM" business (the "Lot 1 Asset Sale") to EraSteel, Inc.

7. On March 12, 2025 the Court entered an order [Docket No. 232] approving the sale of substantially all of the Debtor's remaining assets not being sold to EraSteel (the "Lot 2

Asset Sale", along the Lot 1 Asset Sale, the "Asset Sales") to Lauter Metal Technologies LLC as the successful bidder for such assets or, in the alternative, to Myron Bowling Auctioneers, Inc. and Cincinnati Industrial Auctioneers, Inc. as the back-up bidder.

8. As of the date of this Motion, both the Lot 1 Sale and Lot 2 Sale have closed.

9. On March 26, 2025, the Debtor filed its *Motion for Entry of an Order Authorizing and Approving the Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 248] (the "First Motion").

10. On April 11, 2025, the Debtor filed its Second *Motion for Entry of an Order Authorizing and Approving the Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 276] (the "Second Motion")

## RELIEF REQUESTED

11. By this Motion, the Debtor respectfully requests that the Court enter an order, in substantially the form attached hereto as ***Exhibit A***, authorizing and approving the rejection of certain Executory Contracts and Unexpired Leases identified on ***Exhibit B***, effective as of the Rejection Date.

**COUNTERPARTIES TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES WITH THE DEBTOR SHOULD REVIEW EXHIBIT B ATTACHED HERETO AND LOCATE THEIR RESPECTIVE NAMES AND CONTRACTS LISTED THEREON TO DETERMINE IF THE RELIEF SOUGHT IN THIS MOTION IS APPLICABLE TO THEM.**

## BASIS FOR RELIEF REQUESTED

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

13. The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the debtor. *See In re Klein Sleep Products, Inc.*, 78 F.3d 18 (2d Cir. 1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (the focus is on the best "business judgment" of the debtor and its determination of whether the lease or executory contract would be beneficial or burdensome to the estate).

14. The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See Lubrizol Enters. V. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1980), *cert. denied*, 475 U.S. 1057 (1986).

15. Here, rejection of the Executory Contracts and Unexpired Leases is supported by the Debtor's sound business judgment. The Executory Contracts and Unexpired Leases are unnecessary in light of the closings of the Asset Sales, and they provide no benefit to the wind down of the Debtor's operations. Additionally, the Executory Contracts and Unexpired Leases could result in unnecessary administrative expense claims if the Debtor continues to incur post-petition expenses under the Executory Contracts and Unexpired Leases. Accordingly, the Executory Contracts and Unexpired Leases have no economic value to the estate, and thus, there is no business reason to justify the Debtor's continued performance under Executory Contracts and Unexpired Leases.

16. Lastly, the Debtor respectfully requests that the Court enter an order rejecting the Executory Contracts and Unexpired Leases effective as of Rejection Date. The Court may grant this retroactive rejection of unexpired leases and executory contracts based on a balance of the equities. *See, e.g., In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the

motion is filed after balancing the equities in the particular case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

17. Here, the balance of equities favors rejection as of the Rejection Date. As stated above, the Debtor is receiving no benefit from the Executory Contracts and Unexpired Leases in light of the closed Asset Sales. In order to ensure that no unnecessary administrative obligations accrue, rejection as of the Rejection Date is appropriate.

## **BANKRUPTCY RULE 6006(f)**

18. Bankruptcy Rule 6006(f) states, in relevant part, that a motion to reject executory contracts or unexpired leases must.

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

FED. R. BANKR. P. 6006(f). The Debtor respectfully submits that it has complied with the foregoing requirements of Bankruptcy Rule 6006(f).

## **RESERVATION OF RIGHTS**

19. As the Debtor continues to wind down its business, the Debtor may identify additional unexpired leases and/or executory contracts to be assumed or rejected. Accordingly,

the Debtor reserves the right to seek to assume or reject additional executory contracts and unexpired leases.

## NOTICE

20. Notice of this Motion has been given to (i) the Office of the United States Trustee for the Northern District of New York, (ii) KeyBank, National Association, (iii) all counterparties the Executory Contracts and Unexpired Leases listed on *Exhibit B*, (iv) the Committee, and (v) all parties that have appeared in the Chapter 11 Case and requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as *Exhibit A*, (i) authorizing and approving the Debtor's rejection of certain executory contracts and unexpired leases effective as of the Rejection Date; and (ii) granting such other and further relief as may be just and proper.

Dated: April 16, 2025
    Syracuse, New York        **BOND, SCHOENECK & KING, PLLC**

By:   */s/ Charles J. Sullivan*
    Charles J. Sullivan (Bar Roll No. 507717)
    Grayson T. Walter (Bar Roll No. 518237)
    Andrew S. Rivera (Bar Roll No. 700712)
    One Lincoln Center
    Syracuse, NY 13202-1355
    Telephone: (315) 218-8000
    Fax: (315) 218-8100
    csullivan@bsk.com
    gwalter@bsk.com
    arivera@bsk.com

*Attorneys for Crucible Industries LLC*

## Exhibit A

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | )
In re: | )
| ) Chapter 11
| )
Crucible Industries LLC,[1] | ) Case No. 24-31059 (WAK)
| )
Debtor. | )
| )

**THIRD ORDER AUTHORIZING AND APPROVING THE REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion"),[2] of Crucible Industries LLC, the above-captioned debtor and debtor in possession ("Crucible," or the "Debtor"), for entry of an order authorizing and approving the Debtor's rejection of certain executory contracts, unexpired leases, and other agreements (each, an "Executory Contract" or "Unexpired Lease" and collectively the "Executory Contracts and Unexpired Leases"), effective as of April 16, 2025 (the "Rejection Date"); and upon consideration of the Motion, all pleadings related thereto and the record before the Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and disallowed on the merits.

3. The Executory Contracts and Unexpired Leases set forth on *Schedule 1* to this Order are hereby deemed rejected as of the Rejection Date.

---

[1] The last four digits of the Debtor's federal tax identification number are (9794).

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Motion.

21532303.v1

4. The requirements of Bankruptcy Code section 365 and Bankruptcy Rule 6006 have been satisfied with respect to the Rejected Leases and Contracts.

5. Any claim that arises from the rejection of the Executory Contracts and Unexpired Leases must be filed no later than thirty (30) days after the date of this Order.

6. The Debtor reserves all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease or contract as an executory contract.

7. Nothing in the Motion or this Order shall prohibit the Debtor from filing one or more motions to reject additional executory contracts or unexpired leases.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to or in reliance upon this Order prior to such modification or vacatur.

9. The Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

# **Schedule 1**

(See Exhibit B to Motion)

**Exhibit B**

(Executory Contracts and Unexpired Leases)

21532303.v1

# Rejected Leases and Contracts

*Crucible Industries LLC*

| Lessor/Contract Counterparty Name | Address | Contract/Lease Description |
|---|---|---|
| Bell Atlantic Mobile Systems, LLC d/b/a Verizon Wireless | One Verizon Way, Mail Stop 4AW100 Basking Ridge, NJ 07920 | Building and Rooftop Lease Agreement dated January 24, 2022 |
| Syracuse SMSA Limited Partnership d/b/a Verizon Wireless | 180 Washington Valley Road Bedminster, NJ 07921 | Option and Building and Rooftop Lease Agreement dated August 15, 2013 |
| Syracuse SMSA Limited Partnership | 180 Washington Valley Road Bedminster, NJ 07921 | Ground Space Lease for property located at 575 State Fair Boulevard dated October 28, 2013 |